IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| IN RE MENTOR CORP. OBTAPE | * | MDL Docket No. 2004<br>4:08-MD-2004 (CDL) |
| TRANSOBTURATOR SLING PRODUCTS | * | Case No. |
| LIABILITY LITIGATION | * | 4:08-cv-05000 (Redden *et al.*) |

O R D E R

Plaintiffs Janie and Danny Redden ("Plaintiffs") filed this action against Mentor Worldwide, LLC ("Mentor"), Johnson & Johnson ("J&J"), and Ethicon, Inc. ("Ethicon"). In this action, which was originally filed in the United States District Court for the Eastern District of Arkansas and has been transferred to this Court as part of the ObTape MDL proceeding, Plaintiffs allege that they suffered injuries as a result of Mentor's product, ObTape. Plaintiffs contend that J&J and Ethicon (collectively, "Defendants") are liable for Mentor's acts and omissions with regard to ObTape based on a merger between Mentor and a J&J subsidiary and a subsequent merger between Mentor and Ethicon. Defendants moved to dismiss Plaintiffs' claims against them, arguing that Plaintiffs failed to allege a sufficient basis for holding them liable. Defs.' Mot. to Dismiss, ECF No. 29. Because Defendants relied on matters outside the pleadings in support of their motion to dismiss, the Court converted the motion to one for summary judgment, which is presently pending before the Court. Text Order, Jan. 7, 2010. For the reasons set forth below, Defendants are

not entitled to summary judgment based on the present record, and the Court will permit Plaintiffs to conduct limited discovery regarding the circumstances surrounding the merger between Mentor and a J&J subsidiary, as well as the merger between Mentor and Ethicon.

SUMMARY JUDGMENT STANDARD

Summary judgment may be granted only "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). In determining whether a *genuine* issue of *material* fact exists to defeat a motion for summary judgment, the evidence is viewed in the light most favorable to the party opposing summary judgment, drawing all justifiable inferences in the opposing party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). A fact is *material* if it is relevant or necessary to the outcome of the suit. *Id.* at 248. A factual dispute is *genuine* if the evidence would allow a reasonable jury to return a verdict for the nonmoving party. *Id.*

FACTUAL BACKGROUND

Plaintiff Janie Redden was implanted with ObTape in August of 2006. 1st Am. Compl. ¶ 11, ECF No. 2 [hereinafter Compl.]. As Plaintiffs acknowledge, ObTape was manufactured by Mentor. Plaintiffs allege that Defendants are liable for Mentor's acts and

2

omissions with regard to ObTape because J&J acquired Mentor in January of 2009 and because Mentor reported to J&J through Ethicon following the acquisition. (Compl. ¶¶ 6-7.) Plaintiffs' complete allegations related to liability of J&J and Ethicon are as follows:

> Based on information and belief, Defendant Johnson & Johnson acquired Defendant Mentor on January 23, 2009 to operate as a stand-alone business entity reporting through Defendant Ethicon, also a Defendant Johnson & Johnson corporation.
>
> Thus, Defendants Johnson and Johnson and Ethicon are now liable for the negligence of Defendant Mentor and the resulting damages to Plaintiffs. Herein Johnson and Johnson, Ethicon and Mentor are collectively referred to as "Defendants."

(Compl. ¶¶ 6-7.)

Defendants produced undisputed evidence that Maple Merger Sub, Inc., a wholly-owned subsidiary of J&J, made a cash tender offer for the shares of Mentor Corporation on December 12, 2008. Kim Decl. ¶ 2, ECF No. 58-2; *see also* Mentor Corp., Maple Merger Sub, Inc., & Johnson & Johnson Tender Offer Statement (Schedule TO) (Dec. 12, 2008), *available at* http://www.sec.gov/Archives/edgar/data/200406/000095012308017526/0000950123-08-017526-index.htm. A sufficient number of Mentor Corporation's shareholders tendered their shares, allowing the transaction to be completed; as a result, Maple Merger Sub held 100% of the shares of Mentor Corporation. Kim Decl. ¶ 2. After the tender offer was completed, Maple Merger Sub was merged into Mentor Corporation, and Mentor Corporation remained as the

3

surviving corporation, wholly owned by J&J. *Id.* ¶ 3; *see also* Agreement and Plan of Merger among Johnson & Johnson, Maple Merger Sub, Inc. and Mentor Corporation § 2.01, Dec. 1, 2008, *available at* http://www.sec.gov/Archives/edgar/data/64892/000095012308017526/y72992exv99wdw1.htm [hereinafter Merger Agreement]. The Merger Agreement provides that the merger "shall have the effects set forth in Section 302A.641 of the [Minnesota Business Corporations Act]." *Id.* § 2.04. After the merger, Mentor Corporation operated as a stand-alone business unit, reporting to Ethicon. Kim Decl. ¶ 3. In December 2009, Mentor Corporation was merged into Mentor Worldwide LLC, which is wholly owned by Ethicon. *Id.* ¶ 4.

DISCUSSION

It is undisputed that, following the merger between Mentor and Maple Merger Sub, Mentor was "responsible and liable for all the liabilities and obligations of each of the constituent organizations." Minn Stat. § 302A.641(2)(e); *see also* Merger Agreement §§ 2.01, 2.04. Plaintiffs allege that *Defendants* are responsible for the obligations of Mentor based on the merger between Maple Merger Sub and Mentor and the merger between Mentor and Ethicon. In support of their summary judgment motion, Defendants point to the general rule that a corporation which purchases the assets of another corporation does not, absent certain circumstances,

succeed to the liabilities of the selling corporation. *E.g.*, Defs.' Supplemental Br. in Supp. of Mot. for Summ. J. 4 (citing *Ford Motor Co. v. Nuckolls*, 894 S.W. 2d 897, 903 (Ark. 1995)). Defendants also point to the general rule that a parent corporation is not, absent certain circumstances, liable for the acts of its subsidiaries. *Id.* at 4-5 (citing *United States v. Bestfoods*, 524 U.S. 51, 61 (1998)). In response, Plaintiffs point out those circumstances under which an acquiring corporation *may* succeed to the liabilities of the selling corporation and a parent *may* be liable for the acts of its subsidiary. Pls.' Supplemental Br. in Opp'n to Defs.' Mot. for Summ. J. 4-5 (citing *Ford Motor Co.*, 894 S.W.2d at 903; *Elmer v. Tenneco Resins, Inc.*, 698 F. Supp. 535, 540 (D. Del. 1988)).

The parties have not engaged in discovery regarding the circumstances of either the Mentor/Maple Merger Sub merger or the Mentor/Ethicon merger—including whether J&J and/or Ethicon expressly or impliedly agreed to assume Mentor's debts and liabilities or whether other circumstances exist that give rise to liability on the part of Defendants. Potts Aff. ¶¶ 3-4, ECF No. 66-2. Therefore, Plaintiffs seek leave to conduct discovery on this issue under Federal Rule of Civil Procedure 56(f). *Id.* The Court finds that such discovery is warranted under the circumstances of this case and therefore denies Defendants' summary judgment at this time. *See* Fed. R. Civ. P. 56(f) (stating that a court may deny a summary judgment

5

motion if the party opposing the motion demonstrates "that, for specified reasons, it cannot present facts essential to justify its opposition"). Following discovery on this issue, Defendants may, of course, renew their summary judgment motion.

CONCLUSION

As discussed above, Defendants are not entitled to summary judgment based on the present record, and the Court will permit Plaintiffs to conduct limited discovery regarding the circumstances surrounding the merger between Mentor and Maple Merger Sub and the merger between Mentor and Ethicon. The parties shall submit a joint proposed plan for conducting such discovery on or before October 13, 2010.

IT IS SO ORDERED, this 9th day of September, 2010.

S/Clay D. Land
CLAY D. LAND
UNITED STATES DISTRICT JUDGE