IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| IN RE MENTOR CORP. OBTAPE | * MDL Docket No. 2004 |
| | 4:08-MD-2004 (CDL) |
| TRANSOBTURATOR SLING PRODUCTS | * |
| | Case No. |
| LIABILITY LITIGATION | * 4:09-cv-05042 (Redden *et al.*) |

O R D E R

Plaintiffs Janie Katherine Redden and Danny Wayne Redden ("Redden Plaintiffs") filed a motion for suggestion of remand to the Judicial Panel on Multidistrict Litigation ("JPML"). The Redden Plaintiffs seek to have the JPML transfer their case back to the Eastern District of Arkansas. As discussed below, the motion (ECF No. 116 in 4:09-cv-5042) is denied.

Only the JPML has the power to remand a case to the transferor court. 28 U.S.C. § 1407(a). In determining whether to issue a suggestion for remand to the JPML, the transferee courts are "guided by the standards for remand employed by the Panel." *In re Bridgestone/Firestone, Inc.*, 128 F. Supp. 2d 1196, 1197 (S.D. Ind. 2001). The party seeking remand to the transferor court "has the burden of establishing that such remand is warranted." *E.g.*, *In re Integrated Res., Inc. Real Estate Ltd. P'ships Sec. Litig.*, 851 F. Supp. 556, 562 (S.D.N.Y. 1994). The JPML will remand an action "'prior to completed pretrial proceedings only upon a showing of good cause.'" *Id.* In

*re S. Cent. States Bakery Prods. Antitrust Litig.,* 462 F. Supp. 388, 390 (J.P.M.L. 1978).

Even though common discovery here is complete, that does not mean that the remaining cases will not benefit from continued coordinated or consolidated pretrial proceedings. The issues in the Redden Plaintiffs' case overlap with the issues in the MDL cases that have already concluded and those that are currently pending. Therefore, the Court cannot conclude that good cause exists to remand the Redden Plaintiffs' case.

The Redden Plaintiffs' main argument for remand is that "MDL practice is slow" compared to a "regular case." Pls.' Mem. in Supp. of Mot. for Suggestion of Remand 4, ECF No. 116-1 in 4:09-cv-5042. The Redden Plaintiffs argue that it would be more efficient for the transferor court to oversee the remainder of discovery, any settlement negotiations, and dispositive motions. It is unclear why the Redden Plaintiffs would take this position. Under the scheduling/discovery order entered on March 25, 2011, discovery in all Phase III cases is to be complete by January 13, 2012. Dispositive motions are due to be fully briefed on or before March 12, 2012. The Court is not inclined to grant any extensions to these deadlines.

Moreover, the Court is intimately familiar with the complex issues in this case, and the Court has not been slow in handling key dispositive motions in this MDL. On January 15, 2010,

Mentor filed motions seeking (1) summary judgment as to certain claims brought by all Phase I Plaintiffs, (2) exclusion of several of Plaintiffs' experts, and (3) summary judgment as to the claims of each of the eleven Phase I ObTape patients and their husbands. Those motions were fully briefed by the parties in early March 2010, and the Court issued rulings on them before the end of April 2010. The issues in the Redden Plaintiffs' case overlap with those Phase I cases. Based on all of this history, the Court doubts that the resolution of the Redden Plaintiffs' claims will be "slow" if their case remains part of the MDL.

For all of the reasons discussed above, the Court concludes that the Redden Plaintiffs have failed to establish that remand is warranted. Accordingly, the Redden Plaintiffs' motion for suggestion of remand (ECF No. 116 in 4:09-cv-5042) is denied.

The scheduling/discovery order entered on March 25, 2011 (ECF No. 115 in 4:09-cv-5042, ECF No. 401 in 4:08-md-2004) is hereby amended to apply to the Redden Plaintiffs as Phase III plaintiffs.

IT IS SO ORDERED, this 23rd day of May, 2011.

S/Clay D. Land
CLAY D. LAND
UNITED STATES DISTRICT JUDGE